

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00159-CR

_____

CHERRY DAWN QUINTANILLA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. CR11896

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

In June 2022, Appellant Cherry Dawn Quintanilla pleaded guilty to the offense of possession of less than one gram of methamphetamine, a controlled substance under Penalty Group 1, and the trial court deferred her adjudication and placed her on community supervision for three years. *See* Tex. Health & Safety Code Ann. §§ 481.102(6) ("Penalty Group 1"), 481.115(b) ("Possession of Substance in Penalty Group 1 or 1-B"). In August 2023, the State filed its second amended motion to proceed to adjudication and alleged that Quintanilla had violated eight conditions of her community supervision. The trial court held a hearing, found the allegations in the State's motion to be true,[1] found Quintanilla guilty, and sentenced her to imprisonment for eighteen months in the state jail division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 12.35 ("State Jail Felony Punishment"). Quintanilla appealed.

Quintanilla's court-appointed appellate attorney, after determining that the appeal was frivolous, filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the *Anders* requirements by presenting a professional evaluation of the record demonstrating why there are no arguable

---

[1]The State alleged five violations of the condition requiring Quintanilla to refrain from using controlled substances. The trial court found three of the five alleged violations true. The State abandoned the other two.

grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, complying with *Kelly v. State*, counsel provided Quintanilla with copies of the brief and motion to withdraw; he informed her of her right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare her appeal frivolous; and he sent her a form motion for pro se access to the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Quintanilla had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief.

We have carefully reviewed counsel's brief and the record and have determined that this appeal is wholly frivolous and without merit. Nothing in the record arguably supports the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 27, 2025